RECEIVED
IN ALEXANDRIA, LA

APR 2 7 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

DAVID G. BLAYON,                     CIVIL ACTION
            Petitioner              NO. CV08-1879-A

VERSUS

MICHAEL P. MUKASEY,                  JUDGE D. "DEE" DRELL
            Respondents             MAGISTRATE JUDGE JAMES D. KIRK


REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner David G. Blayon ("Blayon") on December 1, 2008. Blayon, a native and citizen of Liberia, contests his continued detention by the Bureau of Customs and Immigration Enforcement ("BICE") pending his removal from the United States. At the time of filing his petition, Blayon was being detained in the Lasalle Parish Detention Center in Trout, Louisiana. The sole relief requested by Blayon is release from custody pending his removal, pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).

In their motion to dismiss (Doc. 7), the Respondents show, through an affidavit by Brian Gueringer, Assistant Officer in Charge for the U.S. Immigration and Customs Enforcement facility at Oakdale, Louisiana, that Blayon was removed from the United States on December 2, 2008 (Doc. 7). Respondents contend Blayon's

petition is now moot and should be dismissed.

Since the only relief sought by Blayon in his habeas petition was release from custody pending his removal from the United States and he was removed in December 2008, Respondents' motion should be granted and Blayon's habeas petition should be dismissed as moot.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Respondents' motion to dismiss (Doc. 7) be GRANTED and that Blayon's habeas petition be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 27th day of April 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE